UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| KIMBERLEY L. W.,[1]<br><br>    Plaintiff,<br><br>        v.<br><br>ANDREW M. SAUL,<br><br>    Defendant. | Case No.  20-cv-09190-RMI<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 17, 18 |

Plaintiff seeks judicial review of an administrative law judge ("ALJ") decision denying her application for disability insurance benefits under Title II of the Social Security Act. *See* Admin. Rec. at 17-29.[2] Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council (*see id*. at 1-6), thus, the ALJ's decision is the "final decision" of the Commissioner of Social Security which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both Parties have consented to the jurisdiction of a magistrate judge (dkts. 9 & 11), and both parties have moved for summary judgment (dkts. 17 & 18). For the reasons stated below, Plaintiff's motion for summary judgment is granted, and Defendant's motion is denied.

**LEGAL STANDARDS**

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] The Administrative Record ("AR"), which is independently paginated, has been filed in seventeen attachments to Docket Entry #16. *See* (dkts. 16-1 through 16-17).

aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase "substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**PROCEDURAL HISTORY**

In May of 2018, Plaintiff filed an application for Title II benefits alleging an onset date of October 15, 2014. AR at 17. On July 1, 2020, an ALJ entered a partially-favorable decision, finding Plaintiff disabled between her alleged onset date (October 15, 2014) and December 31, 2018 – while also finding, due to medical improvement that occurred on January 1, 2019, that Plaintiff's disability ended on January 1, 2019, and that Plaintiff has not become disabled again since that date. *See id*. at 24-29. In October of 2020, the Appeals Council denied Plaintiff's request for review. *Id*. at 1-6. Two months later, in December of 2020, Plaintiff sought review in this court (*see* Compl. (dkt. 1) at 1-2) and the instant case was initiated.

**SUMMARY OF THE RELEVANT EVIDENCE**

Plaintiff raises two claims, the first of which assigns error to the ALJ's evaluation of the persuasiveness of the medical opinion of Connie Basch, M.D., Plaintiff's treating physician. *See* Pl.'s Mot. (dkt. 17) at 6-11. Plaintiff's second claim (*id*. at 11-16) concerns the correctness of the residual functioning capacity ("RFC") in light certain assignments of error regarding the evaluation of Plaintiff's testimony; however, since the court is remanding for further development

2

of the record, the court declines to reach Plaintiff's second claim, which can be appropriately addressed on remand.

Dr. Basch began treating Plaintiff in April of 2015 for her problems with chronic fatigue and chronic diffuse pain which were exacerbated after her pregnancy in 2012. AR at 647. In correspondence dated March 31, 2016, Dr. Basch reported that "[t]hese symptoms had become severe enough that [Plaintiff] stopped full-time work in April of 2014 and stopped working completely in October [of] 2014." *Id*. Plaintiff's fatigue was so limiting that she would often forgo showering in order to conserve energy for other activities. *Id*. Even abbreviated tasks (including household chores and childcare) would cause Plaintiff to experience weakness and palpitations. *Id*. Further, Dr. Basch observed that Plaintiff's insomnia, which caused her to have "interrupted and unrefreshing sleep," resulted in poor mental clarity, "which was clinically apparent." *Id*. Because this case turns on the ALJ's failure to develop the record, it should not go without mention that Dr. Basch's correspondence (which was made part of the record before the ALJ) then noted:

> It is my understanding that her claim for disability was denied, which I find somewhat incredible. She showed me the letter from the reviewer, who claimed not to have been able to reach me. In fact, he left a message at our office, I called him back at the time requested and he was unavailable, and we received no further messages from him, or I would have been happy to share my impressions with him last September.
> *Id*.

Thereafter, in April of 2020, Dr. Basch completed two pre-printed forms (medical source statements) through which she opined about Plaintiff's abilities in various areas of work-related function. *See id*. at 1532-40. As to Plaintiff's abilities related to work-related activities due to mental manifestations of her symptoms and impairments, Dr. Basch found: that Plaintiff was mildly impaired in her ability to make judgments on simple work-related decisions; that she was moderately impaired in her abilities to understand, remember, or carry out complex instructions; and, that she was markedly impaired in her ability to make judgments on complex work-related decisions. *Id*. at 1532. Dr. Basch then explained that Plaintiff's impairments also affect her ability to concentrate – however, there was no further elaboration or detail about the extent to which Plaintiff's ability to concentrate was affected, or the time frames involved, or the practical upshot

3

as it relates to different types of work-related activity. *See id*. at 1533.

As to Plaintiff's physical limitations, Dr. Basch opined: that Plaintiff could occasionally lift and carry up to 20 lbs., but that she could never lift more than 20 lbs.; that Plaintiff could sit for 2 hours without interruption, she could stand for 5 minutes without interruption, and she could walk for 10 minutes without interruption; that Plaintiff could sit for a total of 4 hours in any given workday, she could stand for a total of 1 hour in any workday, and she could walk for no more than a total of 1 hour in any workday; that she could never reach overhead with either hand (as overhead reaching causes her heartrate to spike); that she could only occasionally reach in other directions with either hand; and, that she can never balance or climb stairs, ladders, scaffolds, or ramps. *Id*. at 1535-38. Dr. Basch also found that Plaintiff should never be exposed to dust, odors, fumes, and pulmonary irritants; or to unprotected heights or extreme cold or to extreme heat. *Id*. at 1539. Lastly, Dr. Basch found that Plaintiff was unable to shop for herself, and that she was unable to walk as little as a block at a reasonable pace on rough or uneven surfaces. *Id*. at 1540.

**THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY**

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five-step sequential evaluation process to determine whether the claimant is disabled (*id*. § 416.920; *see also id*. at § 404.1520). While the claimant bears the burden of proof at steps one through four (*see Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020)), "the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Here, the ALJ appropriately set forth the applicable law regarding the required five-step sequential evaluation process. AR at 18-20.

At step one, the ALJ must determine if the claimant is presently engaged in "substantial gainful activity," 20 C.F.R. § 404.1520(a)(4)(i), which is defined as work done for pay or profit and involving significant mental or physical activities. *See Ford*, 950 F.3d at 1148. Here, the ALJ

determined Plaintiff had not performed substantial gainful activity since her alleged onset date, October 15, 2014. AR at 20-21. At step two, the ALJ decides whether the claimant's impairment or combination of impairments is "severe" (*see* 20 C.F.R. § 404.1520(a)(4)(ii)), "meaning that it significantly limits the claimant's 'physical or mental ability to do basic work activities.'" *Ford*, 950 F.3d at 1148 (quoting 20 C.F.R. § 404.1522(a)). If no severe impairment is found, the claimant will not be found to be disabled. 20 C.F.R. § 404.1520(c). Here, the ALJ determined Plaintiff had the following severe impairments: orthostatic hypotension, post orthostatic tachycardia syndrome ("POTS"), fibromyalgia, cervical spine spondylosis, polyarthritis, and migraines. AR at 21.

At step three, the ALJ is tasked with evaluating whether the claimant has an impairment or combination of impairments that meet or equal an impairment in the "Listing of Impairments." *See* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1. The listings describe impairments that are considered to be sufficiently severe to prevent any individual so afflicted from performing any gainful activity. *Id*. at § 404.1525(a). Each impairment is described in terms of "the objective medical and other findings needed to satisfy the criteria of that listing." *Id*. at § 404.1525(c)(3). In order for a claimant to show that his or her impairment matches a listing, it must meet all of the specified medical criteria; and, an impairment that manifests only some of those criteria, no matter how severely, does not "meet" that listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). If an impairment either meets the listed criteria, or if one or more impairments are determined to be medically equivalent to the severity of that set of criteria, that person is conclusively presumed to be disabled without a consideration of age, education, or work experience. *See* 20 C.F.R. § 404.1520(d). Here, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or equals the criteria or the severity of any of the listings. *See* AR at 21.

If a claimant does not meet or equal a listing, the ALJ must formulate the claimant's RFC, which is defined as the most that a person can still do despite the limitations associated with their impairments. *See* 20 C.F.R. § 404.1545(a)(1). Here, the ALJ determined that (between October 15, 2014 and December 31, 2018) Plaintiff retained the ability to perform sedentary work with certain

1 postural, environmental, and temporal limitations and exceptions. *See* AR at 21-24. Following the
2 formulation of the RFC, the ALJ must determine – at step four – whether the claimant is able to
3 perform her past relevant work, which is defined as "work that [the claimant has] done within the
4 past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant]
5 to learn to do it." *See* 20 C.F.R. § 404.1560(b)(1). If the ALJ determines, based on the RFC, that
6 the claimant can perform her past relevant work, the claimant will not be found disabled. *Id*. §
7 404.1520(f). Otherwise, at step five, the burden shifts to the agency to prove that the claimant can
8 perform a significant number of other jobs that are available in the national economy. *See Ford*,
9 950 F.3d at 1149. To meet this burden, the ALJ may rely on the Medical-Vocational Guidelines
10 (commonly referred to as "the grids"), 20 C.F.R. Pt. 404 Subpt. P, App. 2; or, alternatively, the
11 ALJ may rely on the testimony of a vocational expert ("VE"). *Ford*, 950 F.3d at 1149 (citation
12 omitted). A VE may offer expert opinion testimony in response to hypothetical questions about
13 whether a person with the physical and mental limitations imposed by the claimant's medical
14 impairment(s) can meet the demands of the claimant's previous work, either as the claimant
15 actually performed it or as generally performed in the national economy, or the demands of other
16 jobs that may be available in the national economy. *See* 20 C.F.R. § 404.1560(b)(2). An ALJ may
17 also use other resources for this purpose, such as the Dictionary of Occupational Titles ("DOT").
18 *Id*. Here, the ALJ determined – based on the VE's testimony – that (between October 15, 2014,
19 and December 31, 2018) Plaintiff would not have been able to perform her past relevant work as a
20 web developer, and that Plaintiff was unable to perform the functions of any other job in the
21 national economy –accordingly, Plaintiff was found to be disabled for the duration of that period.
22 *See* AR at 24.
23        The ALJ then determined that, beginning on January 1, 2019, Plaintiff experienced
24 medical improvement in her symptoms as manifested by her return to community college (where
25 she took three online classes from home and maintained a 3.9 GPA) while also reporting some
26 volunteering work at her children's school and babysitting. *Id*. at 26. After January 1, 2019, due to
27 the aforementioned medical improvement, the ALJ determined that Plaintiff's RFC expanded to
28 include a greater range of sedentary work, attended with fewer limitations and exceptions. *See id*.

6

1  at 26. Nevertheless, the ALJ still found that – even under the post-2019 RFC – Plaintiff would not
2  be able to perform the functions of her past relevant work as a web developer. *Id*. at 28. However,
3  based on the VE's testimony, at step five (as it related to the period after January 1, 2019), the ALJ
4  determined that Plaintiff could perform the functions of certain representative unskilled sedentary
5  jobs such as assembler, inspector, or polisher. *See id*. at 28-29. Accordingly, the ALJ determined
6  that Plaintiff had not been disabled at any time after January 1, 2019 (the date on which the ALJ
7  found that Plaintiff manifested certain medical improvements). *Id*. at 29.

## DISCUSSION

The lynchpin of the Parties' dispute here is more narrow and far simpler than might appear at first glance. First, the period of time in dispute ranges from January 1, 2019 (the date on which the ALJ found that Plaintiff had manifested medical improvement such that she was no longer disabled) to December 31, 2019 (the last date on which Plaintiff met the insured status requirements of the Social Security Act). Second, the Parties essentially argue about the correctness of the degree to which the ALJ found Dr. Basch's opinions to be persuasive. The ALJ's persuasiveness findings, in turn, are relied upon, *inter alia*, to respectively challenge or justify the 2019 portion RFC as formulated by the ALJ. However, due to substantial degrees of vagueness in Dr. Basch's opinions, and the ALJ's failure to properly develop the record, the undersigned is unable to determine (on the state of this record) the relative merits of each party's contentions, necessitating a remand for further record developments.

Here, the ALJ found that Dr. Basch's opinion was "only somewhat persuasive because it [was] overly restrictive" in light of "the treatment notes throughout 2019 indicating 'stable pain management,' increased daily activities, and [a] return to community college." *Id*. at 28. The ALJ found that her own formulation of the 2019 RFC was "more appropriate and supported by the longitudinal medical record." *Id*. Thus, the ALJ concluded that Dr. Basch's assertions of a more restrictive functional capacity were "not persuasive or supported by the evidence." *Id*.

Under the regulations that apply to Plaintiff's application, ALJs are required to evaluate the "persuasiveness" of all medical opinions according to several factors (*see* 20 C.F.R. § 416.920c). The first two factors, supportability and consistency, are considered the most important, and the

7

ALJ is required to explicitly address them in his or her decision. *See* 20 C.F.R. § 416.920c(b)(2). The ALJ "may, but [is] not required to," explain how he or she considered the remaining three factors listed in the regulations. *Id*. Although the regulations have eliminated the physician hierarchy, deference to specific medical opinions, and assigning certain weight to any given medical opinion, the ALJ must still articulate how he or she considered the medical opinions and how persuasive he or she finds all of the medical opinions. *See V.W. v. Comm'r of Soc. Sec.*, No. 18-cv-07297-JCS, 2020 WL 1505716, at *14 (N.D. Cal. Mar. 30, 2020); 20 C.F.R. § 416.920c(a), (b). As with all other determinations made by the ALJ, the ALJ's persuasiveness explanation must be supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

It should also be noted that the ALJ has a special duty to fully and fairly develop the record such as to assure that the claimant's interests are considered. *See generally Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). This duty is incumbent on the ALJ even when the claimant is represented by counsel. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Additionally, an ALJ's duty to engage in still further record development is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Id*. (citing *Tonapetyan*, 242 F.3d at 1150). Where the duty arises, the ALJ may discharge his or her duty to develop the record "in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id*.

In this case, the ALJ's finding that Dr. Basch's opined set of restrictions and limitations was "only somewhat persuasive because [of being] overly restrictive" in 2019 was premised on the notion that Plaintiff attended three online classes at a community college, while also engaging in "some volunteering at her children's school and babysitting." *See* AR at 26, 28. However, because the record is too poorly developed, it is unclear whether or not the ALJ's persuasiveness finding rested on a foundation of substantial evidence. One the one hand, the details of Plaintiff's volunteer work, as well as the details attending her babysitting work, were unarticulated in the

8

ALJ's opinion. On the other hand, Dr. Basch's opined limitations and restrictions were expressed through a pre-printed form through a number of checked boxes that were attended with little by way of details and specifics. The poorly developed state of the record has rendered it impossible to properly and decisively determine whether the ALJ has in fact supplanted her own opinion in place of Dr. Basch's opinion, as Plaintiff argues (*see* Pl.'s Mot. (dkt. 17) at 9), when finding that Dr. Basch's opined restrictions were "overly restrictive" (as to 2019) due to Plaintiff taking three online courses and doing some babysitting and volunteering. By the same token, given the current state of the record, the court is unable to properly evaluate Defendant's argument that "the ALJ properly took into account the fact that Plaintiff testified she was now able to volunteer for her children's school and work sporadically for a neighbor [babysitting]." Def.'s Mot. (dkt. 18) at 22.

Specifically, what is missing from this record can be expressed in the following questions, which the court will ask rhetorically. What was the nature of Plaintiff's volunteering or babysitting work in 2019? How exacting was that work? How exactly did the requirements and functions of that volunteer or babysitting work translate to an expanded RFC that led the ALJ to conclude that Dr. Basch's opined limitations were overly restrictive? As to the fact that Plaintiff took three online courses at a community college, how do the requirements associated with undertaking that coursework contribute to a finding that Dr. Basch's opined limitations were overly restrictive?

None of these questions are answered either in the ALJ's opinion, or elsewhere in the record. Without answers to these questions, it cannot be contended that the ALJ's persuasiveness finding (or lack thereof) was based on substantial evidence. As mentioned above, "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Biestek*, 139 S. Ct. at 1154. If the relevant conclusion was that Dr. Basch's opined limitations were overly restrictive, then it cannot be reasonably suggested that a reasonable mind might accept that conclusion based merely on the vague and indeterminate statement that Plaintiff took three classes online, did some unspecified volunteer work, and engaged in some quantum of unspecified babysitting. For example, there is a vast difference between babysitting a docile 13 year old adolescent, as opposed to several rambunctious toddlers.

Accordingly, on remand, the ALJ is **ORDERED** to convene another evidentiary hearing at

1  which Plaintiff should be asked detailed and specific questions about her volunteering,

2  babysitting, and coursework during 2019 – such that the record clearly reflects whether those

3  activities have any bearing on the requirements of whatever jobs the ALJ thinks that Plaintiff can

4  perform. Additionally, as explained in *Tonapetyan*, Dr. Basch should either be subpoenaed to

5  appear and testify at that hearing, or Plaintiff's counsel and the ALJ should submit detailed and

6  poignant questions to Dr. Basch about her opined limitations in two regards: first, the questions

7  should focus specifically on the applicability of her opinions to the period between January and

8  December of 2019, and second, Plaintiff's counsel and the ALJ should ask Dr. Basch to discuss

9  her opined limitations in light of specific details about the nature and extent of Plaintiff's

10 academic, volunteering, and babysitting activities in 2019.

11       The court declines to reach Plaintiff's other claim about the improper formulation of the

12 RFC and the evaluation of her testimony for a number of reasons. First, because it appears likely

13 that the calculus of that claim will substantially change on remand. Second, because the case is

14 already being remanded for further proceedings on the ground that the ALJ did not properly

15 develop the record, the court finds it unnecessary to address Plaintiff's remaining issues as they

16 can adequately be addressed on remand, and any rulings here will not secure for Plaintiff any

17 relief beyond what has already been granted. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir.

18 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach

19 [plaintiff's] alternative ground for remand.").

20       In any event, on remand, the Commissioner is **ORDERED** to consider the other issues

21 raised in Plaintiff's briefing and to modify any ensuing ALJ opinion such as to reflect the fact that

22 all the issues raised in this case by Plaintiff have been considered and addressed. *See Cortes v.*

23 *Colvin*, No. 2:15-cv-02277-GJS, 2016 U.S. Dist. LEXIS 40580, 2016 WL 1192638, at *4 (C.D.

24 Cal. Mar. 28, 2016); *Cochran v. Berryhill*, No. 3:17-cv-00334-SB, 2017 U.S. Dist. LEXIS

25 212380, at *21 (D. Or. Dec. 28, 2017); *Steven M. v. Saul*, No. 19-cv-06991-RMI, 2021 U.S. Dist.

26 LEXIS 52225, at *16-17 (N.D. Cal. Mar. 19, 2021).

27 //

28 //

**CONCLUSION**

Accordingly, Plaintiff's Motion for Summary Judgment (dkt. 17) is **GRANTED**, Defendant's Cross-Motion (dkt. 18) is **DENIED**, and the case is remanded for further proceedings consistent with the findings and conclusions set forth herein.

**IT IS SO ORDERED.**

Dated: September 14, 2022

ROBERT M. ILLMAN
United States Magistrate Judge