United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

KIMBERLEY LUCILLE WESTER,
Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
Defendant.

Case No. 20-cv-09190-RMI

**ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES UNDER SECTION 406(B)**

Re: Dkt. No. 22

After Plaintiff brought this action for review of the Commissioner of Social Security's decision to deny benefits, this court granted Plaintiff's Motion for Summary Judgement, and the case was remanded. (Order, Dkt. 20.) Her attorney, Jocelyn M. Godinho, now seeks $34,926.25 in attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. §§ 406(b) and 1383(d)(2)(B). (Pl.'s Mot. Attn'y Fees, Dkt. 22, at 2.) The Commissioner does not oppose or support the request for attorney fees. (Dkt. 24.) For the following reasons, the court GRANTS the motion for attorney's fees.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff's application for disability benefits was denied by the agency's initial decision. Plaintiff subsequently brought an action for judicial review, and this court remanded the case for further proceedings. (Order, Dkt. 20.) On remand, the administrative law judge granted Plaintiff's application and awarded $176,505.00 in total past-due benefits. (Pl.'s Mot. 2.) Under a contingency fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits resulting from a favorable disability decision. (Pl.'s Mot. Ex. A, Dkt. 22-2, at 2.) The Social Security Administration has already paid $9,200.00 of these past-due benefits directly to counsel

under 42 U.S.C. § 406(a). (Pl.'s Mot. Ex. B, Dkt. 22-3, at 3.) The formal Notice of Award indicated to Plaintiff that $34,926.25 had been withheld from her past-due benefits for any attorney's fees requested in federal court. (Pl.'s Mot. Ex. B, Dkt. 22-3, at 4.)

**LEGAL STANDARD**

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to Section 406(b) of the Social Security Act is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing Section 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced" for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method

undercompensates attorneys for the risk they assume in representing [Social Security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1150.

**DISCUSSION**

The court finds that counsel has met her burden to demonstrate that the requested fees are reasonable. As noted above, Plaintiff entered into a contingency fee agreement providing for a 25% fee, which is consistent with the statutory maximum. In the SSI Notice, Plaintiff was informed of her right to protest the fee, and Plaintiff submitted a declaration in support of the motion for award of attorney's fees alongside her attorney's fee petition. (Pl.'s Mot. Wester Decl. ¶ 6–7, Dkt. 22-5.) There is no evidence that counsel's performance was substandard—indeed, counsel's representation resulted in Plaintiff receiving $176,505.00 in past due benefits. Combined with the previously awarded $9,200.00 in fees, counsel's fee request of $34,926.25 is equal to the statutory maximum of 25% of the past-due benefits. *See Brenn v. O'Malley,* No. 23-CV-05010-DMR, 2025 WL 2419268, at *2 (N.D. Cal. Aug. 21, 2025) (awarding 25% of the past-due benefits awarded).

Plaintiff's counsel states that she expended 205.01 hours on this litigation, leading to an effective hourly rate of approximately $215.23. (Pl. Mot. Godinho Aff. ¶ 13, Dkt. 22-1.) While this number of hours may seem excessive, the Ninth Circuit has instructed that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); accordingly, the concern in section 406(b) fee cases is usually whether the benefits awarded—and the corresponding 25% fee—are "in proportion to the time spent on the case," to avoid a windfall to attorneys. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009). However, even if the hours expended here appear excessive, the effective hourly rate for just 25% of counsel's hours would be approximately $861.00, which still falls squarely within the range of hourly rates approved in the Ninth Circuit for social security contingency cases. *See Norris v. Saul,* 2022 WL 1304469, at *1 (N.D. Cal. May 2, 2022) (using the lodestar calculation as aid to assess reasonableness and finding that hypothetically reducing the attorney's house still resulted in

a reasonable de facto hourly rate); *see also Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting Ninth Circuit cases and finding an effective hourly rate of $2,307.69 to be reasonable); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an hourly rate of $1,325.34 reasonable in social security case under 406(b) and collecting cases). Moreover, both hourly rates calculated above are similar to rates counsel has received in previous contingency fee cases. *See Joseph F. v Soc. Sec. Admin.*, No. 23-cv-01456-KAW, 2026 WL 539617, at *2 (N.D. Cal. Feb. 26, 2026) (awarding Ms. Godinho an hourly rate of $470.16 for 66.3 hours of work). Thus, the large number of hours expended does not undermine the reasonableness of the total requested fee. Moreover, counsel's affidavit indicates that the hours were spent performing typical litigation tasks.[1] (Pl.'s Mot. Godinho Aff. ¶ 13, Dkt. 22-1.) There is also nothing in the record to suggest that any delay in this case was unreasonable or attributable to Plaintiff's counsel's conduct or billed hours.

The requested fees are reasonable given the risk assumed by counsel in taking this case on a contingency basis, as the claims had already been denied in an administrative proceeding. *See Crawford*, 586 F.3d at 1149 ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants . . ."); *Ainsworth*, 2020 WL 6149710 at *3 ("Here, Counsel assumed a substantial risk of not recovering attorneys' fees because the claims had been denied after exhausting administrative remedies."); *Lewis v. Dudek*, No. 22-CV-05180-TSH, 2025 WL 1104770, at *2 (N.D. Cal. Apr. 14, 2025) ("[T]he requested fee is also reasonable because of the substantial risk of loss inherently involved in representing Social Security disability claimants."). Based on the findings above that there is a valid contingency fee agreement, that the amount of fees requested is not disproportionate to the work performed, that counsel's work was

[1] Counsel did not provide an itemized billing sheet but listed the combined hours spent on categories of litigation tasks in bullet point format. (Pl.'s Mot. Godinho Aff. ¶ 13.) While this increased the difficulty of evaluating the reasonableness of the hours spent in relation to the fee awarded, counsel was not required to submit an itemized billing sheet with her petition and the court was able to evaluate reasonableness through other means. *See Crawford*, 586 F.3d at 1148 (as part of assessing reasonableness in section 406(b) fee cases, "the court *may* require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases." (emphasis added)).

not substandard or unreasonable, that the requested effective hourly rate is reasonable, and that counsel assumed substantial risk in taking this case, the court finds the requested fees are reasonable.

Once the court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. Counsel has not requested or been awarded any EAJA fees, and thus there are no fees for her to reimburse to Plaintiff.

**CONCLUSION**

For the reasons stated above, the court **GRANTS** Plaintiff's counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $34,926.25. The court **ORDERS** the award of attorney fees pursuant to § 406(b) to be paid out of Plaintiff's past-due benefits in accordance with agency policy, such that combined with the previously paid $9,200.00, counsel is paid 25% of total past-due benefits.

**IT IS SO ORDERED.**

Dated: August 5, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California